Wilson, P. J.
Appellants, defendants in the suit, recovered a judgment against plaintiff Lamont for the sum of about $250.00. George S. Conklin, agent for one George L. Nesbitt, who was also a creditor of Lamont, secured an order from Lamont on one Reed Burritt for $225.00, which order was accepted by Burritt, and was to be credited as a part payment on Lamont’s note held by Nesbitt. Negotiations between the defendants in this suit and Conklin resulted in an agreement that the sum collected on the order should be divided between Crotser & Company, and Conklin, representing Nesbitt, and in an .assignment of this order to the defendants, Crotser & Company. There is some conflict in testimony as to the terms and conditions of this assignment, but as we cannot see that they affect the rights of plaintiff in this action, it is not necessary to discuss them, except to státe that one condition was that defendants should assign their judgment against Lamont to Conklin, the agent of Nesbitt. The testimony does not shown when this judgment was to be assigned, and about- this there is some dispute. It never was, in fact, assigned. Several years after, defendants, under a writ of attachment sued out upon this judgment, garnisheed and recovered moneys belonging to the defendant in the judgment — Lamont—to the amount of about $290.00. This money the plaintiff brings this suit to recover upon the ground that defendants wilfully, fraudulently and unlawfully, by means of the writ of garnishment and execution issued upon the above *169 money judgment, collected and compelled this plaintiff to pay said sum of money, notwithstanding the judgment had been long prior thereto fully paid and satisfied by the plaintiff. Judgment was in his favor ‘and defendants appeal.
The theory of plaintiff seems to be that the agreement between the defendants and Conklin as to the assignment of the Burritt order by the latter to the former, and the assignment by the former to the latter of the judgment which they held against Lamont, was a satisfaction and payment of the judgment by Lamont, but we fail to see how his position can be sustained. Certainly that result did not follow from the facts stated as a legal proposition, and there is no evidence to show that such was the intention of the parties. It was entirely a deal as to matters with which this plaintiff had no concern. He had no interest whatever in the Burritt order, because it had been given by him as a payment on a debt owed to Nesbitt, and had been accepted by .Nesbitt. No consideration passed from him, Lamont, therefore, for the agreement to assign, or for the assignment of the judgment. Indeed, it appears from the testimony that it was the intention of Conklin to hold and use this judgment when assigned to him so as to assist in the collection of the balance due by Lamont to Nesbitt, after the collection of the Burritt order. Mr. King, who acted as attorney for Conklin in negotiations between him and the defendants, testified with reference to the assignment of the judgment to be made to Conklin: “I understood that he intended to hold, and I advised him to hold the judgment for a time as a means of securing and collecting the balance due Nesbitt 'from Lamont.” Mr. Anderson, attorney for Crotser & Company, also testified to this effect — to the fact that Mr. King stated to him during the negotiations, in the *170 presence of Conklin, that Conklin and lie wanted the judgment against Lamont, as they might get something ont of it in the future. But it is needless to pursue this further. There is no testimony whatever to show that Lamont ever at any time paid anything whatever in settlement-or satisfaction of the judgment against him, or that this was at any time done by anyone else for him or in his behalf. It is indisputable from the evidence disclosed in the abstract that whatever consideration was paid or was agreed to be paid about or concerning the judgment, was for the assignment of it, and that this was paid solely by Nesbitt acting through his agent Conklin. Whatever the evidence may show as to any cause or causes of action which Nesbitt or Conklin might have had against the defendants in this suit, it- is certain that it does not appear from the case as now presented that the plaintiff Lamont has any right to recover as he seeks to do in this action.
The judgment will be reversed, and the cause remanded for a new trial. Reversed.